**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID KAUFMAN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>M. ELIOT SPEARMAN, Warden; et al.,<br><br>    Defendants-Appellees. | No. 18-15207<br><br>D.C. No. 3:15-cv-02777-JD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 19, 2019**

Before:   FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

California state prisoner Joel David Kaufman appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm.

The district court properly granted summary judgment because Kaufman failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in the treatment of Kaufman's food allergy-related concerns and psoriasis.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

The district court did not abuse its discretion by granting defendants' motion to stay discovery pending a ruling on qualified immunity because Kaufman failed to demonstrate actual and substantial prejudice resulting from the denial of discovery.  *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by granting an extension of

time for defendants to respond to Kaufman's second motion for default judgment and denying Kaufman's motion for damages because defendants established excusable neglect for the missed filing deadline. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258, 1261 (9th Cir. 2010) (setting forth standard of review and four-part balancing test to determine whether a party's failure to meet a deadline constitutes excusable neglect).

The district court did not abuse its discretion by denying Kaufman's second motion for default judgment because Kaufman failed to establish that the alleged discovery violations warranted such a sanction. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786, 788 (9th Cir. 2011) (setting forth standard of review and factors to consider before declaring a default; this court reviews the record independently if the district court fails to make explicit findings regarding each of the factors).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

18-15207